# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GARNER STONE COMPANY, INC.,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | }   Case No.:  2:07-cv-01898-RDP |
| | } |
| **COMBS, INC.,** | } |
| | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

The court has before it Defendant Combs, Inc.'s ("Combs") Motion to Transfer Venue under § 1404(a) (Doc. #4) filed October 17, 2007. The motion has been fully briefed and is now ripe for decision.

On August 15, 2007, Plaintiff Garner Stone Company, Inc. ("Garner Stone") filed this action against Defendant Combs in the Circuit Court of Jefferson County seeking relief for breach of contract and unjust enrichment. (Complaint). On October 17, 2007, Defendant removed the case to this court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441, and simultaneously sought transfer of this case to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a).[1] Garner Stone maintains that this case should remain in this forum because the balance of factors under § 1404(a) weighs in favor of this case remaining in the Northern District of Alabama. The court disagrees. For the reasons outlined below, the court deems transfer to the Middle District of North Carolina appropriate under §1404(a) for the convenience of parties and witnesses and in the interest of justice.

---

[1] There is no dispute that venue is proper in the Northern District of Alabama.

I.     **Facts Relevant to Transfer**

Plaintiff Garner Stone, an Alabama corporation with its principal place of business in Birmingham, Alabama, specializes in commercial and residential custom stone construction and installation. (Affidavit of Rodger Garner, ¶ 3). Defendant Combs, a North Carolina corporation with its principal place of business in Summerfield, North Carolina (Guilford County), is a construction company specializing in residential construction. (Answer, ¶ 2). In December 2004, Combs began construction on a private residence in Guilford County, North Carolina (hereinafter the "Residence") which was to be constructed with a limestone exterior. (Affidavit of Ron Davis, ¶¶ 3, 4, 5). The property owner specifically requested that Combs contract with Plaintiff Garner Stone for the supply and installation of limestone for the construction. (Affidavit of Ron Davis, ¶ 5). Therefore, on March 1, 2005, Combs telephoned Garner Stone to solicit a bid to supply stone for the Residence. (Answer, ¶ 3). Following the telephone conversation, Combs furnished a set of drawings to Garner Stone so that it could bid on the job. (Answer, ¶ 4).

Although the parties never entered into a formal written contract for the purchase of limestone or the installation labor, they exchanged price quotes. (Affidavit of Roger Garner, ¶ 9; Affidavit of Ron Davis, ¶ 6). All of the price quotes were signed in North Carolina and then transmitted via facsimile to Birmingham. (Affidavit of Ron Davis, ¶ 6). On April 28, 2005, Combs faxed a signed request to Garner Stone accepting its estimate for the materials. (Answer, ¶ 5). On May 1, 2005, Combs contacted Garner Stone via telephone to get an estimate for the labor on the stone installation (Answer, ¶ 6), and thereafter on August 8, 2005, Combs faxed a signed request to Garner Stone in Birmingham accepting the labor estimate (Answer, ¶ 7).

All of the stone materials used in the construction of the Residence were made, cut, and manufactured at Garner Stone's Birmingham facilities and then shipped from Birmingham to North Carolina. (Affidavit of Rodger Garner, ¶¶ 11, 12). When Combs, during the course of the construction, made several project modifications that were not in the initial architect's plans and specifications, a Garner Stone employee in Birmingham made the changes to the plans and then Garner Stone made, cut, manufactured, and shipped the additional stone from Birmingham. (Affidavit of Rodger Garner, ¶ 13).

Approximately 15 different residents of the state of Alabama, most of whom reside in Birmingham, provided labor for the Combs stone project by traveling to North Carolina for the installation of the limestone on the Residence. (Affidavit of Rodger Garner, ¶ 14; Affidavit of Ron Davis, ¶ 7). Additionally, other Garner Stone employees traveled to North Carolina on numerous occasions during construction to visit the Residence and/or to meet with Combs representatives. (Affidavit of Ron Davis, ¶ 7). No representatives of Combs traveled to Birmingham for any purpose related to the construction. (Affidavit of Ron Davis, ¶ 7). Combs compensated Garner Stone by transferring payments from North Carolina to Birmingham. (Answer, ¶ 8).

**II.     Discussion**

Title 28 U.S.C. § 1404(a) codifies (with some additions) the common law doctrine of *forum non conveniens*. *See* 5 CHARLES A. WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 1352 (1969). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). The analysis under § 1404(a) is a two-part inquiry. *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1154 (M.D.

Ala. 1999) (relying on *Ricoh Corp.*, 487 U.S. at 29).  As a threshold matter, the court must consider if the case "might have been brought" in the transferee court.  28 U.S.C. § 1404(a).  Second, the court must ask whether the balance of factors under § 1404(a) weighs in favor of transferring this action to the transferee court.  28 U.S.C. § 1404(a).  "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala.1994).  The decision of whether a case should be transferred under § 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

   **A.** **This Case Could Have Been Brought in the Middle District of North Carolina.**

In the present case, it is undisputed that venue would have been proper in either the Northern District of Alabama or the Middle District of North Carolina.  (*See* Doc. # 9, at 6).  Title 28 U.S.C. § 1391(a) provides, in pertinent part, that a suit based on diversity jurisdiction may be brought in "a judicial district in where any defendant resides, if all defendants reside in the same State," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(a)(1)(2).  Here, it is undisputed that Defendant Combs, the only Defendant in this action, resides in the Middle District of North Carolina.  Additionally, it is undisputed that the limestone supplied by Garner Stone that is now part of the Residence is situated in the Middle District of North Carolina.  Thus, Defendant resides in the Middle District of North Carolina and "a substantial part of the events or omissions giving rise to" Plaintiff's claims occurred in the Middle District of North Carolina, where this action originally could have been brought.

B.     **The Balance of Factors Weighs in Favor of Transfer**.

Having decided that the Middle District of North Carolina is a proper transferee district, the court must now "decide whether the balance of convenience favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D.Ala.1994). In applying the law to the facts and allegations in the instant case, the court finds that Defendant has satisfied its difficult burden of demonstrating that this action should be transferred for "the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The analysis under §1404(a) requires a balancing of practical considerations, which centers on convenience of the parties and witnesses, with the interest of justice, which focuses on systemic integrity and fairness. Before the court delves into that analysis, however, it must address Plaintiff's choice of forum because, in the Eleventh Circuit, a plaintiff's choice of forum typically is entitled to considerable deference. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); 1 JAMES WM MOORE, ET. AL., *MOORE'S FEDERAL PRACTICE* ¶ 0.145[5] (1988).

1.     **The Plaintiff's Choice of Forum**

In this case, Plaintiff Garner Stone has alleged that Combs breached a contract with it, or, in the alternative, that Combs has been unjustly enriched, by not compensating Garner Stone for "install[ing] and construct[ing] custom stone on [the Residence]." (Complaint, ¶¶ 15-24). As Plaintiff states in its opposition to transfer, at issue in this case is Defendant's alleged "failure to pay for the reasonable value of the materials and services rendered by Garner Stone." (Doc. # 9, at 10). In its defense, Combs has alleged that Garner Stone sought payment for materials and labor that were never provided and that Plaintiff's stonework - which is now located in North Carolina - was defective and improperly installed. (Answer; Affidavit of Ron Davis, ¶ 8). While Defendant is

5

correct that in a case "[w]here none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action." *Johnston*, 158 F.R.D. at 505. The court cannot say that *none* of the relevant conduct occurred here. Plaintiff resides in this District, and the stone that was shipped to North Carolina was manufactured here. Therefore, this court will afford Plaintiff's choice of forum considerable deference in the § 1404(a) analysis.

### 2. Convenience of the Parties and Witnesses

Nonetheless, despite the thumb placed on the scale in favor of Plaintiff's choice of forum, the remainder of the § 1404(a) analysis tips the balance in favor of transfer to the Middle District of North Carolina. When considering the practical need to adjudicate in a forum convenient for the parties and witnesses, courts generally examine the location of principal material witnesses, "the relative ease of access to sources of proof," and the ability of the parties to bear the expense of changing the forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). "[W]here the operative facts underlying the cause of action transpired" is a consideration for convenience. *Johnston,* 158 F.R.D. at 504. Courts look to a forum "in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981) (citation omitted).[2]

Here, the convenience of the parties is a non-issue. Obviously Alabama is more convenient for the Plaintiff while North Carolina is more convenient for the Defendant. Section 1404(a) does not provide for transfer if it would "merely shift inconvenience from the defendant[] to the plaintiff."

---

[2] Fifth Circuit decisions rendered prior to October 1, 1981 constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

*Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *see also Johnston*, 158 F.R.D. at 503.  Likewise, the location of the material witnesses does not overwhelmingly favor either forum.  Because the Middle District of North Carolina is not only the home state of Defendant's representatives who may be witnesses, but also the location of the Residence owner and most of the other contractors who worked on the Residence, the convenience of the witnesses slightly favors North Carolina.  Although Plaintiff has also listed a number of witnesses that it may rely upon who are located in Alabama and neighboring states - some of whom are no longer Garner Stone employees - it appears to the court that many of those witnesses were able to, and did, travel to North Carolina during the construction on the Residence.  In the end, it appears that there will be non-party witnesses who will be inconvenienced if the case is tried in either forum, and neither the location of the parties nor the witnesses "significantly help(s) either party because no matter which forum is chosen, the disappointed party will be saddled with some expense and inconvenience in bringing themselves and their witnesses to the site of the trial."  *Shaw Group, Inc. v. Natkin & Co.*, 907 F.Supp. 201, 205 (M.D.La. 1995).

   In this case it is not the location of the *people* involved in the dispute - but the location of the *physical subject matter* of the dispute - that warrants transfer.  The ultimate issue in this case is whether Plaintiff was adequately compensated for the stonework it produced and installed or whether that work was defective, incomplete, or improperly installed.  The parties do not dispute that all of the stonework at issue in this case is now located in North Carolina at the site of an immovable private residence.  In other words, the exterior of the Residence is not only relevant to Plaintiff's

claims, it *is* the basis for the lawsuit.³ Although Plaintiff's facilities are located in Birmingham where the limestone was manufactured initially before it was shipped to North Carolina, Plaintiff has not pointed to any relevant evidence still located in Birmingham. *See Irwin v. Zila, Inc.*, 168 F. Supp. 2d 1294, 1296-97 (M.D. Ala. 2001) (noting the absence of any physical evidence to be produced by Plaintiff, which weighed in favor of transfer).

Thus, given that the unique nature of the subject matter of this lawsuit is immovably and permanently located in North Carolina, it is clear that the Middle District of North Carolina is the forum in which the trial would be most "easy, expeditious and inexpensive," and the forum with the easiest "access to sources of proof." Even in spite of the fact that the Northern District of Alabama is Plaintiff's choice of forum and therefore to be afforded considerable deference, the court finds that the Middle District of North Carolina is a more convenient and economical forum for the parties and witnesses as a whole.

### 3.    **Interest of Justice**

The Supreme Court has told us that the "interest of justice" factor requires a district court to weigh "those public-interest factors of systematic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). Here, there is no dispute that North Carolina law governs this action.

---

³ It is for this reason that Plaintiff's reliance on *Mason v. Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355 (S.D.Fla. 2001) is inapposite. Plaintiff cites to *Mason* for the observation that "even if site inspection is relevant, it can be achieved through video, photographs, and drawings." *Mason*, 146 F.Supp.2d at 1363. However, *Mason* concerned claims brought by a plaintiff against a clinical laboratory for reusing a contaminated needle that she claimed gave her Hepatitis C. Unlike this case, the court in *Mason* acknowledged that it was "not convinced that a view of Defendants' premises is needed . . . . [given that] few negligence cases require a viewing, and, in this case, a view of the incident site is not likely to be relevant to whether Mason was stuck with a contaminated needle." *Mason*, 146 F.Supp.2d at 1363-64. Here, however, the relevance of viewing the Residence cannot be challenged in any principled fashion.

As such, "there is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle the problems in conflicts of laws and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947).[4] Although this court has some interest in resolving the dispute because the Plaintiff resides here, the Middle District of North Carolina has an even more significant interest in having this case decided by a court within its borders because not only does Defendant reside there, but this case involves materials that were installed on a private residence located there. Thus, the court finds that the interest of justice supports transfer of this suit to the Middle District of North Carolina.

### III. Conclusion

Accordingly, the court finds that the balance of factors under § 1404(a) weighs in favor of transfer to the Middle District of North Carolina, where the case could have been filed originally. A separate order will be entered.

**DONE** and **ORDERED** this \_\_\_\_29th\_\_\_\_ day of November, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff cites to cases in which other district courts have held that the choice of law factor is less persuasive "where no complex questions of foreign law are presented." (Doc. # 9, at 17). Those cases are not binding here and regardless, no matter how simple or complex the law may be, the Supreme Court has contemplated that North Carolina courts are certainly more "at home with the state law" of North Carolina than this court. *Gulf Oil Corp.*, 330 U.S. at 509.